FILED

2015 SEP -3 PM 12: 16

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

WILLIAM C. MILLER,

    Plaintiff,

vs.

CASE NO:

THE TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT,
A Foreign Profit Corporation,

2:15-CV-533-FtM-29MRM

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

    Plaintiff, WILLIAM C. MILLER, by and through undersigned counsel, sues Defendant, and alleges as follows:

### NATURE OF THE ACTION

    1. This is an action for Declaratory Relief, pursuant to Chapter 86, Florida Statutes, wherein Plaintiff seeks a Declaration that he is (a) entitled to underinsured motorist ("UIM") coverage under a commercial insurance policy issued by Defendant; and (b) entitled to reimbursement for reasonable attorney fees plus a statutory penalty, based upon Defendant's unreasonable and vexatious denial of UIM coverage.

### PARTIES

    2. Plaintiff, WILLIAM C. MILLER ("Plaintiff") is, and at all times material hereto was a citizen of the State of Florida, and a resident of Cape Coral, Lee County, Florida. At all material times, Plaintiff was employed as a Maintenance Specialist by Advanced Technology Services, Inc. ("ATS"), a corporation with its principal place of

1

business located in Peoria, Illinois. In his capacity as a Maintenance Specialist, Plaintiff performed high technical flash computer maintenance and repair on behalf of ATS for various companies and clients in need of such services. Plaintiff's work position was located in Peoria, Illinois, and although he traveled extensively in connection with his duties for ATS, Plaintiff took all his orders and assignments from, and reported to his superiors in Peoria, Illinois.

3. Defendant, The TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ("Travelers" and/or "Defendant"), is registered with the Florida Department of State, Division of Corporations ("Sunbiz.org"), as an Active Foreign Profit Corporation, and maintains a Registered Agent in the State of Florida. Defendant is domiciled in the State of Connecticut, and maintains its principal place of business at One Tower Square, Hartford, Connecticut 06183.

## SUBJECT MATTER JURISDICTION

4. This Court has subject matter jurisdiction over the within action, as it is an action for declaratory relief wherein the amount in controversy is in excess of $15,000.

## PERSONAL JURISDICTION

5. Defendant is engaged in substantial and not isolated activity within the State of Florida, and on that basis, Defendant is subject to the jurisdiction of this Court pursuant to § 48.193 (2), Florida Statutes. Furthermore, Plaintiff's claim of entitlement to UIM coverage in the within action arises out of Defendant's contracting to insure Plaintiff, who was a citizen and resident of the State of Florida at the time of contracting, and on that alternative basis, Defendant is subject to the jurisdiction of this Court pursuant to § 48.193 (1) (d), Florida Statutes. Defendant's contacts with the State of

Florida are such that the Court's exercise of personal jurisdiction over Defendant comports with due process. Defendant is engaged in continuous and systematic business activity in the State of Florida, and Defendant's contacts therewith are substantial, such that the exercise of personal jurisdiction by the State of Florida over Defendant is reasonable. Defendant has purposely affiliated itself with the State of Florida, and has purposely invoked and availed itself of the benefits and protections of its laws.

## VENUE

5. Venue is proper in Lee County, Florida because Defendant is a foreign corporation which has an agent(s) and/or representative(s) in Lee County, and/or because Lee County is the place where Defendant's contractual obligation to provide UIM benefits to Plaintiff, which Defendant has failed to fulfill, was to be performed.

## GENERAL ALLEGATIONS

6. In or about July 2013, Defendant issued a Commercial Policy to ATS, the named insured and employer of Plaintiff (Policy Number P-810-2930B24A-TCT-13) (the "Policy"). The specified Policy Period was from 7/01/13 to 7/01/14. (A true and correct copy of the Policy, including all Endorsements, is attached hereto as **Exhibit A**). The Policy, included, among various other Endorsements, an "Illinois Underinsured Motorists [UIM] Coverage" Endorsement (See attached **Exhibit A, page 68**).

7. The Policy was drafted by Travelers, and was sent and/or delivered by Travelers and/or its agent to ATS in Peoria, Illinois, and was accepted and/or executed by ATS in Illinois.

8. The Policy, including, but not limited to the Illinois UIM Endorsement, constitutes a contract between Travelers and the named insured, ATS, under which

3

Plaintiff is a third party beneficiary. The maximum coverage for bodily injury provided for under the Liability Coverage of the Policy is $1,000,000; the maximum underinsured motorist coverage provided for under the Illinois UIM Endorsement is $1,000,000

9. There is no choice of law provision contained in the Policy. The last act necessary for the creation of the contract occurred in the State of Illinois. As such, under Florida's choice of law rules, the doctrine of *lex loci contractus* applies to determine which state's substantive contract law shall be applied to the interpretation of the contract/Policy and resolution of the contract dispute between the parties. Under the *lex loci contractus test*, the substantive contract law of the State of Illinois applies.

10. Pursuant to Illinois law governing the interpretation of UIM provisions, the threshold issue of whether or not there exists UIM coverage is to be determined in a judicial forum, and once UIM coverage is established, disputed issues, if any, as to the amount of the claimant's damages and/or the fault of the underinsured alleged tortfeasor are to be resolved in arbitration.[1] In fact, consistent with Illinois law, the Illinois UIM Endorsement, under the heading, "ARBITRATION," provides, in pertinent part:

> If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "underinsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated...Unless both parties agree otherwise, arbitration will take place in the county where the "insured" lives...

11. On the evening of April 10, 2014, while Plaintiff was on a business trip in Ponce, Puerto Rico, in connection with his employment for ATS, Plaintiff was riding in a rental vehicle hired by ATS through its travel agency, Options Travel, for Plaintiff's use during said business trip. The rental vehicle, a 2013 Hyundai Tuscan SUV, was being

---

[1] See *State Farm Fire And Casualty Co. v. Yapejian*, 152 Ill.2d 533 (1992).

4

operated by Dean Moore ("Moore"). That evening, there was a huge "Junta" celebration, involving hundreds of young people and college students, going on in the streets. Moore was familiar with the area, having formerly lived there, and it was thought that he would be most suited to maneuver the vehicle through the intensely crowded streets. While Plaintiff and Moore were en route to the Hilton Hotel, Moore negligently operated the SUV (hereinafter the "accident vehicle") such that he lost control, resulting in it rolling over and eventually crashing into a concrete abutment.

12. As a result of the roll-over and collision (hereinafter the "accident"), Plaintiff suffered a host of catastrophic injuries. Said injuries include, but are not limited to the following: (a) multiple body trauma; (b) internal hemorrhage and shock; (c) respiratory failure requiring chest tube placement and ventilation; (d) Multiple rib fractures and displacement; (e) subcutaneous emphysema of the left thoracic wall and upper abdominal wall; (f) left-sided Pneumothorax/collapsed lung; (g) left-sided pleural effusion; (h) acute fractures of the left superior and inferior pubic rami; (i) large flank lower ribcage subcutaneous hematoma; (j) chronic bilateral nasal bone fractures with displacement; (k) permanent cervical spine injuries; (l) blunt chest trauma with multiple body trauma; (m) traumatic brain injury; (n) rotator cuff injury; (o) hearing and visual changes; (p) occipital neuralgia; and (q) closed head injury.

13. The damages sustained by Plaintiff resulting from the accident are substantially in excess of the $50,000 maximum bodily injury limits under the at-fault driver's (Moore's) State Farm Mutual Insurance Company ("State Farm") policy.

14. Plaintiff's medical bills, to date, incurred as a result of the accident, total approximately $66,413.29.

15. As a further result of the injuries Plaintiff sustained in the accident, and of his resultant condition, Plaintiff, who is age 52, and who was earning approximately $200,000 per year in his employment with ATS, will be permanently prevented from performing the requirements of the job he had been performing for ATS, and, in fact, from performing any type of job for which he was previously qualified in the field of high technical flash computer maintenance and repair.

16. The rental car occupied at the time of the accident was an underinsured motor vehicle, as that term is defined under section F. 5. of the Illinois UIM Endorsement to the Policy.

17. State Farm offered to settle with Plaintiff for the Policy limit of $50,000 under Moore's policy to Plaintiff, and Plaintiff, in fact, received payment in that amount from State Farm after executing a Release. (A true and correct copy of said Release and check from State Farm are attached hereto as Composite **Exhibit B**).

18. Defendant was informed of the $50,000 settlement offer from State Farm, approved it, and waived subrogation rights.

19. At the time of the accident, Plaintiff was an "insured," for purposes of Liability Coverage under the Policy pursuant to SECTION II A. 1. b. of the BUSINESS AUTO COVERAGE FORM (a/k/a the "Coverage Form").

20. Further, at the time of the subject motor vehicle accident, Plaintiff was an "insured" for purposes of the Illinois UIM Endorsement to the Policy; specifically the "Who Is An Insured" provision of the Illinois UIM Endorsement, provides that one is an "insured" if he was "occupying a vehicle that was "not owned by [ATS]" and was an "insured for liability under the Policy." Plaintiff met the foregoing criteria for being an

"insured" under the Illinois UIM Endorsement to the Policy, because he was "occupying a vehicle "not owned by [ATS]," and was an "insured for liability under the Policy."

21. On or about February 13, 2015, Plaintiff's counsel wrote a letter to Travelers explaining all the pertinent facts surrounding the accident, and Plaintiff's catastrophic injuries and damages, including, but not limited to medical expenses. In this letter, it was requested that Defendant tender $1,000,000 in UIM benefits to Plaintiff, the amount of UIM coverage to which Plaintiff believed he was entitled. (A true and correct copy of said letter is attached hereto as **Exhibit C**)

22. By letter dated March 17, 2015, Defendant rejected Plaintiff's request for UIM coverage. (A true and correct copy of said letter is attached hereto as **Exhibit D**)

23. In rejecting Plaintiff's request for UIM benefits, Defendant treated Plaintiff's request as being one for *uninsured* motorist (UM) benefits, as opposed to the *underinsured* motorist (UIM) benefits Plaintiff requested. (See **Exhibits C and D** hereto).

24. Plaintiff has satisfied all conditions precedent to the maintenance of the within action, and to UIM coverage under the Policy and its Illinois UIM Endorsement, or such conditions have been waived or excused.

25. Plaintiff is entitled to coverage under the Illinois UIM Endorsement, and is entitled to a judicial determination and declaration as to such coverage.

### COUNT I – DECLARATORY RELIEF

26. Plaintiff realleges and incorporates by reference paragraphs 1. through 25., as though fully set forth herein.

27. There is a bona fide, actual, present and practical need for a declaration as to Plaintiff's entitlement to coverage under the Illinois UIM Endorsement to the Policy

28. There is a presently existing, actual, and justiciable controversy between the parties, whereby Plaintiff has asserted a right to coverage under the Illinois UIM Endorsement, and requested that Defendant acknowledge and provide such coverage, but Defendant has denied that Plaintiff possesses any such right, and has failed and refused to provide such coverage. The controversy between the parties is cognizable under the Declaratory Judgment Act, Chapter 86, Florida Statutes.

29. The declaration sought by Plaintiff herein deals with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts, and the right of Plaintiff is dependent upon the facts or the law applicable to the facts.

30. Plaintiff and Defendant have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law, said subject matter being the Illinois UIM Endorsement and the existence of insurance coverage of Plaintiff thereunder.

31. The antagonistic and adverse interests of the parties are before the Court by proper process, and the relief sought is not merely the giving of legal advice by the Court, or the answer to questions propounded from curiosity.

32. Under Florida law, a disagreement between parties concerning coverage under an insurance policy, such as the presently existing disagreement between Plaintiff and Defendant, is a proper subject for a declaratory judgment, where, as here, such judgment is necessary to a construction of legal rights. The declaration sought by Plaintiff does not depend solely upon a factual determination, but requires the Court's legal interpretation of the Illinois UIM Endorsement as applied to the facts alleged herein.

33. Defendant's denial of coverage under the Illinois UIM Endorsement to the Policy is unreasonable and vexatious, and as such, Plaintiff is entitled to all attorney fees reasonably incurred in vindicating his right to such coverage, plus a statutory penalty, as provided for by section 155 (a), (b) or (c) of the Illinois Insurance Code. Plaintiff has retained the undersigned law firm to vindicate his rights in this matter, and to represent him in connection with the within action.

**WHEREFORE** Plaintiff respectfully prays for the following relief:

1. A Declaratory Judgment by the Court declaring that Plaintiff is entitled to UIM coverage under the Illinois UIM Endorsement;

2. Costs of Suit;

3. Reasonable Attorney Fees, plus a Statutory Penalty as provided for by section 155 of the Illinois Insurance Code; and

4. Such other or further relief that the Court may deem proper and just.

/s/Dennis L. Webb
Dennis L. Webb, Esq.
Florida Bar No. 165956
Webb & Scarmozzino, P.A.
2121 West First Street, Second Floor
Fort Myers, FL 33901
(239) 334-1600 – phone
(239) 334-7979 – fax
dennis@swflalawyers.com
laurie@swflalawyers.com