UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM C. MILLER,

      Plaintiff,

v.                      Case No: 2:15-cv-533-FtM-29MRM

THE    TRAVELERS    INDEMNITY
COMPANY   OF   CONNECTICUT,   a
foreign profit corporation,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Defendant's Motion to Dismiss (Doc. #8) filed on September 14, 2015. Plaintiff filed a Response (Doc. #14) on September 25, 2015. For the reasons set forth below, the motion is denied.

**I.**

Plaintiff William C. Miller (Plaintiff or Miller) has filed a one-count Complaint (Doc. #2) against Defendant The Travelers Indemnity Company of Connecticut (Defendant or Travelers) seeking declaratory relief regarding coverage under a commercial auto insurance policy. The underlying facts, as set forth in the Complaint, are as follows:

At all relevant times, Miller was employed by Advanced Technology Services (ATS), a corporation with its principal place of business located in Peoria, Illinois. (Id. at ¶ 2.) In July

2013, Travelers issued a commercial auto insurance policy (the Policy) to ATS. (Id. at ¶ 6.)  The Policy covered the period from July 1, 2013 to July 1, 2014 and included an Illinois Underinsured Motorists (UIM) Coverage Endorsement. (Id.)  The Policy's coverage maximums are $1 million for Liability Coverage and $1 million for the Illinois UIM Endorsement. (Id. at ¶ 8.)  Miller is a third-party beneficiary under the Policy. (Id.)

In April 2014, Miller was injured while on a business trip in Puerto Rico at ATS's behest. (Id. at ¶ 11.)  The injury occurred while Miller was riding in a vehicle being driven by an individual named Dean Moore (Moore). (Id.)  The vehicle was rented by ATS for Miller's use during the business trip. (Id.)  Moore negligently operated the vehicle, causing it to roll over and crash into a concrete abutment. (Id.)  As a result of the accident, Miller "suffered a host of catastrophic injuries" and is permanently unable to perform the requirements of his job at ATS or any other similar position in his field. (Id. at ¶¶ 12, 15.)

Moore had a State Farm Mutual Insurance Company (State Farm) policy which contained a $50,000 maximum bodily injury limit. (Id. at ¶ 13.)  Pursuant to that policy, State Farm settled with Miller for the $50,000 maximum. (Id. at ¶ 17.)  Miller has incurred medical bills in excess of $66,000 as a result of the accident, and his damages are "substantially in excess" of the $50,000 policy limit of Moore's State Farm policy. (Id. at ¶¶ 13-14.)  According

to Miller, he was an insured for the purposes of the Policy's liability coverage and the Illinois UIM Endorsement. (<u>Id.</u> at ¶ 20.) In February 2015, Miller sought UIM coverage under the Policy and Travelers refused. (<u>Id.</u> at ¶ 21.)

Based on these allegations, Miller seeks a declaratory judgment that he is entitled to coverage under the Illinois UIM Endorsement. (<u>Id.</u> at ¶ 33.) Travelers now moves to dismiss, arguing that Miller cannot obtain his requested relief because the plain terms of the Policy demonstrate (1) that Miller is not an insured under the Policy's Illinois UIM Endorsement; and (2) that the Policy does not provide UIM coverage for vehicles principally garaged in Puerto Rico.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 555. <u>See also</u> <u>Edwards v. Prime Inc.</u>, 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation."   Ashcroft  v.  Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."  Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.

### III.

Travelers contends that the Complaint must be dismissed because the plain terms of the Policy demonstrate that Miller is not entitled to UIM coverage.  The Policy is attached as an exhibit to the Complaint and, therefore, the Court may consider it in the context of a motion to dismiss.  Fin. Sec. Assur., Inc. v.

Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007). Additionally, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." Griffin Indus. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007). Therefore, the Court need not accept as true Miller's allegation that he is entitled to UIM coverage if the Policy itself provides otherwise.  According to Travelers, Miller is not entitled to UIM coverage for two independent reasons: (1) Miller is not an insured under the Policy's Illinois UIM Endorsement; and (2) the Policy does not provide UIM coverage for vehicles principally garaged in Puerto Rico.  The Court will address each argument in turn.

**A.    Whether Miller is an Insured Under the UIM Endorsement**

In relevant part, the Illinois UIM Endorsement defines an "insured" as: "Anyone else 'occupying' an 'auto' you [ATS] do not own who is an 'insured' for Liability under the Coverage Form, but only at times when that person is an 'insured' for Liability under the Coverage Form."  (Doc. #1-1, p. 74.)  Thus, Miller is an insured under the Illinois UIM Endorsement if, at the time of the accident in Puerto Rico (1) he was occupying an auto that ATS did not own; and (2) he was an insured for Liability under the Policy's Coverage Form.

**1.    Whether Miller Was Occupying an Auto that ATS Did Not Own**

Miller alleges that he was riding in a rental car hired by ATS at the time of the accident.  Both "auto" and "occupying" are

defined in the Policy.  In relevant part, an "auto" is defined as "[a] land motor vehicle," and "occupying" is defined as "in, upon, getting in, on, out or off."  (Id. at 45, 77.)   Thus, Miller's rental car fits the Policy's definition of an "auto" that ATS did not own, and Miller's status as a passenger in the rental car fits the Policy's definition of "occupying."  Accordingly, taking the allegations in the Complaint as true, at the time of the accident Miller was occupying an auto that ATS did not own.

## 2.   Whether Miller Was an Insured for Liability Under the Coverage Form

In relevant part, the Policy's Coverage Form defines an "insured" as "[a]nyone else while using with your [ATS's] permission a covered 'auto' you [ATS] own, hire, or borrow . . . ."  (Id. at 37.)   Concerning covered autos, the Business Auto Coverage Part Declaration portion of the Policy states that the Policy provides Liability coverage for covered auto "Symbol 1." (Id. at 29.)  In turn, the Policy defines "Symbol 1" as "Any Auto." (Id. at 36.)   As discussed above, Miller's rental car fits the Policy's definition of "auto."  Additionally, Miller alleges that ATS rented the car specifically for his use in Puerto Rico and, therefore, he had ATS's permission to ride in it.  Thus, Miller was an insured for Liability under the Coverage Form if riding in the rental car as a passenger constitutes "using" it.

The term "using" is not defined in the Policy.   When construing an insurance policy, undefined terms are given "their plain, ordinary, and popular meanings." Valley Forge Ins. Co. v. Swiderski Elecs., Inc., 860 N.E.2d 307, 316 (Ill. 2006).[1]   To do so, the Court looks to the term's dictionary definition. Id.   The standard dictionary definition of the verb "use" is "[t]o employ for the accomplishment of a purpose; to avail oneself of." Use, Black's Law Dictionary (10th ed. 2014).   Employing this definition and taking the allegations in the Complaint as true, the Court concludes that Miller was "using" the rental when he rode in it as a passenger.   Although Miller was not driving, he was nevertheless availing himself of the rental car for the purpose of transportation.

Accordingly, the Court concludes that Miller has plausibly alleged that he was an insured under the Illinois UIM Endorsement, and Travelers' motion to dismiss on this basis is denied.

---

[1] Miller contends that the Policy is governed by the substantive law of the State of Illinois. (Doc. #2, ¶ 9.)   Travelers does not challenge this assertion and cites to Illinois law in its motion. In any event, Florida law is no different. Penzer v. Transp. Ins. Co., 29 So. 3d 1000, 1005 (Fla. 2010) ("In interpreting insurance contracts, this Court follows the generally accepted rules of construction, meaning that insurance contracts are construed according to their plain meaning, with any ambiguities construed against the insurer and in favor of coverage.") (quotation omitted).

**B.    Whether  the  Policy  Provides  UIM  Coverage  for  Vehicles
       Principally Garaged in Puerto Rico**

Travelers  also  contends  that  Miller  is  not  entitled  to  UIM
coverage  because  the  Illinois  UIM  Endorsement  provides  coverage
only  when  the  automobile  involved  in  the  accident  was  licensed  or
principally  garaged  in  Illinois.   In  support,  Travelers  points  to
the  text  of  the  Illinois  UIM  Endorsement,  which  provides  that  it
modifies  the  Policy's  coverage  "[f]or  a  covered  'auto'  licensed  or
principally  garaged . . . in  Illinois."  (Doc. #1-1, p. 74.)   The
Court  agrees  with  Travelers  that,  by  its  plain  terms,  the  Illinois
UIM  Endorsement  does  not  provide  UIM  coverage  for  accidents  in
which  the  automobile  was  not  licensed  or  principally  garaged  in
Illinois.   Miller  does  not  challenge  this  interpretation  of  the
Illinois  UIM  Endorsement,  but  instead  argues  that  the  plain
language  of  the  Illinois  UIM  Endorsement  does  not  foreclose  his
UIM  claim  because  Travelers  was  obligated  by  the  Illinois  Insurance
Code  to  provide  UIM  coverage  for  the  Puerto  Rico  accident.

The  Illinois  Insurance  Code  requires  automobile  insurance
policies  to  provide  uninsured  motorist  coverage  "in  an  amount  equal
to  the  insured's  bodily  injury  liability  limits."   215  Ill.  Comp.
Stat.  5/143a-2.   See also, Nicholson v. State Farm Mut. Auto. Ins.
Co., 949 N.E.2d 666, 670 (Ill. App. Ct. 2010) ("under  the  structure
of  the  statute,  an  insurer  may  not  issue  a  policy  with  UM  coverage
limits  lower  than  those  for  liability  coverage  unless  the  insurer

has obtained a signed rejection"); <u>Wood v. Nat'l Liab. & Fire Ins. Co.</u>, 755 N.E.2d 1044, 1047 (Ill. App. Ct. 2001) ("The Code requires insurance policies to be issued with UM/UIM coverage equal to the liability limits unless there is a specific rejection of this coverage by the applicant.")  Thus, if the Policy would have provided Miller with liability coverage for the accident in Puerto Rico, the Illinois Insurance Code requires Travelers to provide him UIM coverage as well.  See <u>Hartford Ins. Co. v. Levy</u>, 758 So. 2d 1145, 1148 (Fla. 3d DCA 2000) (where insurance policy issued to Illinois company provided "worldwide" liability coverage, Illinois Insurance Code required insurer to provide coextensive UIM coverage even though accident took place outside of Illinois and the vehicle was not licensed or garaged in Illinois).

As previously discussed, the Court concludes that Miller has plausibly alleged that he was an insured for liability under the Policy's Coverage Form.  See <u>supra</u> § III.A.2.  The remaining question is whether the Policy's liability coverage extends to Miller's accident in Puerto Rico.  The Policy's coverage territory includes Puerto Rico (Doc. #1-1, p. 45), and Miller has alleged that the accident took place within the Policy's coverage period (Doc. #2, ¶¶ 6, 11).  Because the Policy would have provided Miller with liability coverage for the accident, the Illinois Insurance Code requires Travelers to provide UIM coverage as well.  <u>Hartford</u>, 758 So. 2d at 1148.  Accordingly, the Court concludes that Miller

has plausibly alleged that he is entitled to UIM coverage and Travelers' motion to dismiss on this basis is denied.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #8) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___26th___ day of October, 2015.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record